[Cite as *Pfalzgraf v. Miley*, 2018-Ohio-4392.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

GEORGE AND MARJORIE PFALZGRAF,

Plaintiffs-Appellees,

v.

JEFF MILEY, DBA MILEY GAS COMPANY, ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 16 MO 0005, 16 MO 0006.**

---

Motion to Certify a Conflict

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, 309 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellees, and
*Atty. William J. Taylor, Atty. Scott D. Eickelberger, Atty. David J. Tarbert, Atty. Ryan H. Linn,* Kincaid, Taylor & Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville, Ohio 43702, and *Atty. J. Kevin West, Atty. Melanie Norris, Atty. Lyle Brown,* Steptoe & Johnson, PLLC, 41 South High Street, Suite 2200, Columbus, Ohio 43215, for Defendants-Appellants.

Dated:
October 29, 2018

**PER CURIAM.**

{¶1} Plaintiff-appellee, George Pfalzgraf, has filed two motions both asking this court to certify a conflict to the Ohio Supreme Court. The first motion alleges a conflict between this Court's judgment in *Pfalzgraf v. Miley*, 7th Dist. No. 16 MO 0005, 2018-Ohio-2828, and the Third District's judgment in *Mulcahy v. Runyon*, 3d Dist. No. 8-81-18, 1983 WL 7244 (Apr. 20, 1983). The second motion alleges a conflict between this Court's judgment in *Pfalzgraf*, supra, and *Siley v. Remmele*, 4th Dist. No. 86 CA 6, 1987 WL 7585 (Mar. 6, 1987).

{¶2} Appellee asks that we certify the two following questions:

In an action in which a lessor sues for a declaration that that [sic.] an oil and gas lease has terminated of [sic.] for lack of production in paying quantities, who bears the burden of proof, the lessor or the lessee?

In an action to declare that an oil and gas lease has terminated under its own terms, can the payment of a royalty be considered as any evidence that the well in question produced 'in paying quantities'?

{¶3} App.R. 25 governs motions to certify conflicts. Pursuant to App.R. 25(A), a motion to certify a conflict

shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App.R. 30(A).

{¶4} We entered our judgment in this case on July 12, 2018. The clerk mailed copies of the judgment that same day. The clerk also made a note of mailing the judgment that day.

{¶5} Thus, appellee had ten days after July 12, 2018 to file his motions to certify a conflict. Because the tenth day (July 22, 2018) was a Sunday, appellee had

until July 23, 2018 to file his motions to certify. Appellee did not file his motions to certify until September 11, 2018, well past the ten-day time limit. Thus, the motions are clearly untimely.

{¶6}    Because appellee's motions are untimely, the motions to certify a conflict are hereby denied.

**JUDGE GENE DONOFRIO, Concurs**

**JUDGE CHERYL L. WAITE, Concurs**

**JEDGE CAROL ANN ROBB, Concurs**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case Nos. 16 MO 0005, 16 MO 0006